| | |
|---|---|
| Joseph R. Meservy, Esq. | Joanna M. Myers |
| NV State Bar No. 14088 | Nevada Bar No. 12048 |
| Barron & Pruitt, LLP | Kristol Bradley Ginapp |
| 3890 West Ann Road | Nevada Bar No. 8468 |
| North Las Vegas, NV 89031 | HOLLEY DRIGGS LTD. |
| (702) 870-3940 | 400 South Fourth Street, Third Floor |
| JMeservy@lvnvlaw.com | Las Vegas, Nevada 89101 |
| | Telephone: (702) 791-0308 |
| Robert J. Carlson (*Pro Hac Vice*) | Facsimile: (702) 791-1912 |
| Caleb Hatch (*Pro Hac Vice*) | jmyers@nevadafirm.com |
| Lee & Hayes, P.C. | kginapp@nevadafirm.com |
| 601 W. Riverside Ave., Ste. 1400 | |
| Spokane, WA 99201 | *Attorneys for Defendant Marlyn* |
| (509) 324-9256 | *Ramirez* |
| carlson@leehayes.com | |
| caleb.hatch@leehayes.com | |

*Attorneys for Plaintiff Mike Fields*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MIKE FIELDS, an individual, | |
| Plaintiff, | Case No. 2:21-cv-02102-CDS-EJY |
| vs. | |
| MARLYN RAMIREZ, an individual, | **AMENDED JOINT MOTION AND STIPULATION TO EXTEND DEADLINES BY 90 DAYS** |
| Defendant. | |

Mike Fields ("Plaintiff") and Marlyn Ramirez ("Defendant") (collectively, the "Parties") respectfully submit this Joint Motion and Stipulation to Extend

1

Deadlines set forth in the Court's Joint Discovery Plan and Scheduling Order, (ECF No. 31), by 90 days. Good cause exists to grant this request.

### A. The Discovery Completed to Date:

The Complaint was filed on November 30, 2021 (ECF No. 1). Defendant, appearing *pro se* filed her Answer to the Complaint on December 28, 2021 (ECF No. 14). Defendant filed a motion for pro bono referral on March 24, 2022 (ECF No. 23); which was denied on March 25, 2022 (ECF No. 24). On April 6, 2022, Defendant filed a motion for stay of discovery (ECF No. 25); which was denied on May 5, 2022 (ECF No. 29). The Parties filed a Joint Discovery Plan and Scheduling Order on May 12, 2022 (ECF No. 30); which was granted on May 13, 2022 (ECF No. 31). Defendant later engaged counsel, and on August 17, 2022, counsel for Defendant entered a notice of appearance (ECF No. 34). To date, the Parties have propounded the following discovery:

| Date | Propounded Discovery | Response Date |
|---|---|---|
| 5/24/2022 | Initial Disclosures Served | |
| 6/16/2022 | Plaintiff's First Set of Request for Production of Documents; First Set of Interrogatories; and First set of Requests for Admission | 7/16/2022, extended to 8/1/2022 |
| 8/8/2022 | Defendant's First Set of Request for Production of Documents and First set of Interrogatories | 9/7/2022 |
| 9/7/2022 | Plaintiff's Second Set of Interrogatories | 10/7/2022, extended to 10/21/2022 |

### B. The Discovery That Remains to be Completed:

Defendant's answers to Plaintiff's Second Set of Interrogatories remains to be completed. Additionally, Plaintiff has requested communications and documents related to the sculpture that is the subject of this dispute, which Defendant states may no longer be in her possession; and as such, Plaintiff may have to seek discovery from a third-party in China with whom Defendant was communicating in an attempt to recover those communications. The Parties also currently anticipate the need to file a motion for leave to file a proposed protective order and document production continues to protect certain confidential documents. Finally, both Parties anticipate the need to conduct depositions once the document production – including third-party documents from China – is substantially complete.

### C. The Reasons Why Discovery Was Not Completed:

Discovery was not completed as counsel for Defendant was only retained recently to represent Defendant, requiring additional time for preparation. Further, discovery is not complete as the Parties currently anticipate there is a need for a protective order. Additionally, discovery is not complete as the Parties recently became aware that third-party discovery may be necessary to obtain communications from a company in China. Lastly, the Parties will need time to conduct depositions once the responsive documents are obtained.

### D. ~~Proposed~~ Schedule For Completing Remaining Discovery:

By this joint motion and stipulation, the Parties agree and request a 90-day extension of the Deadlines set forth in the Court's Joint Discovery Plan and Scheduling Order (ECF No. 31) as follows:

| Event | Current Deadline | Extended Deadline |
|---|---|---|
| Discovery Cut-off Date | 11/1/2022 | 1/30/2023 |
| Dispositive Motions | 12/1/2022 | 3/1/2023 |
| Pre-Trial Order | 1/5/2023 | 4/5/2023 |

### E. Good Cause:

The Parties have engaged in settlement discussions in a good faith effort to resolve this dispute. Because of the time necessary to obtain approvals for offers, to allow time to prepare and finalize a settlement agreement, and to allow time to conduct mediation or a judicial settlement conference – if necessary – the Parties request all dates and deadlines be extended by 90 days.

Additionally, Defendant only retained her current counsel less than two months ago as she was originally proceeding *pro se*. Additional time would be beneficial to the Parties and their Counsel in their attempts to resolve this case. Further, Defendant has indicated she is dealing with financial constraints and may be applying for *pro bono* assistance or may possibly decide to again represent herself.

Furthermore, it appears Plaintiff may need to engage in third-party discovery to seek documents from a company in China, if this matter cannot be settled; and both Parties will need time to conduct deposition should the settlement discussions fail to result in a negotiated resolution.

This request is not made for the purposes of delay, and the Parties represent good cause exists to grant the requested extension.

Therefore, to conserve time and resources of the parties and the Court, and in

good faith, the parties seek a 90-day extension on all dates and deadlines in the Court's Joint Discovery Plan and Scheduling Order (ECF No. 31).

RESPECTFULLY STIPULATED AND SUBMITTED this 17th day of October, 2022.

/s/ *Caleb Hatch*
Caleb Hatch
WSBA #51292 (*Pro Hac Vice*)
Robert J. Carlson
WSBA #18455 (*Pro Hac Vice*)
LEE & HAYES, P.C.
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
Phone: (509) 324-9256
Email: caleb.hatch@leehayes.com

Joseph R. Meservy, Esq.
NV State Bar No. 14088
Barron & Pruitt, LLP
3890 West Ann Road
North Las Vegas, NV 89031
(702) 870-3940
Email: JMeservy@lvnvlaw.com

*Attorneys for Plaintiff*

/s/ *Joanna M. Myers* (with permission)
Joanna M. Myers, Esq.
NV State Bar No. 12048
Kristol Bradley Ginapp, Esq.
NV State Bar No. 8468
HOLLEY DRIGGS LTD 400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
jmyers@nevadafirm.com
kginapp@nevadafirm.com

*Attorneys for Defendant Marlyn Ramirez*

**IT IS SO ORDERED.**

_____
**U.S. MAGISTRATE JUDGE**

**Dated:  October 17, 2022**