UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MIKE FIELDS,

        Plaintiff,

v.

MARLYN RAMIREZ,

        Defendant.

Case No. 2:21-cv-02102-CDS-EJY

**ORDER**

Pending before the Court is Defendant's Motion to Seal (ECF No. 99) that (1) misidentifies Ms. Ramirez as the Plaintiff (*id*. at 1:16), and (2) fails to provide an ECF number at which the Court will find "pages 86, 87, 94, and 95 of the Deposition of Plaintiff Mike Fields" attached as an exhibit to the Declaration of Joanna M. Myers filed in "[r]esponse to the Plaintiff's Supplemental Motion for Summary Judgment." *Id*. at 17-18. The Court highly recommends parties do a better job identifying what it is the Court is to review. The Court is not a pig hunting for truffles in the forest, nor must it hunt down what a party wants reviewed. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 987 (9th Cir.2011); *Shaffer v. R.J. Reynolds Tobacco Company*, 860 F.Supp.2d 991, 997 (D. Ariz. 2012).

The Court finds no need for further briefing regarding testimony appearing on four pages of a deposition attached as an exhibit to a response to a supplemental motion for summary judgment. The Court reviewed the testimony and finds pages 86 and 87 of Mike Fields' deposition are properly marked as confidential and will remain sealed. The content of the information is of such nature that the "compelling reason" standard, established in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006), is met. The Court further finds pages 94 and 95 do not meet the compelling reason standard and are not properly sealed. Specifically, compelling reasons to seal may, and often do, include "business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In contrast, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to

further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Seal (ECF NO. 99) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that ECF No. 100-1 at 7-8 is and shall remain sealed.

IT IS FURTHER ORDERED that ECF No. 100-1 at 9-10 shall be refiled on the public docket identified as replacing the specific pages in the specific exhibit that is now filed in redacted form. These pages must be filed no later than fifteen (15) days from the date of this Order unless a motion for reconsideration is filed in which case this Order is automatically stayed.

Dated this 15th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE